859 P.2d 370

STATE of Idaho, Plaintiff–Respondent,

v.

Charles William SAUNDERS,
Defendant–Appellant.

No. 20178.

Court of Appeals of Idaho.

Sept. 3, 1993.

Daniel P. Featherston, Sandpoint, for appellant.

Larry EchoHawk, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., Boise, for respondent.

PERRY, Judge.

Four days prior to his scheduled trial on a charge of lewd conduct with a minor under the age of sixteen, Charles William Saunders filed a motion for a continuance based on newly discovered evidence. At the hearing, one day prior to trial, the motion was denied. The following morning, before the commencement of the trial, Saunders filed a motion to disqualify the district judge pursuant to I.C.R. 25(b)(4), alleging that the district judge was biased and prejudiced against him. The motion was denied.

A jury trial was held and Saunders was convicted, receiving a unified sentence of twenty-five years with a ten-year period of minimum confinement. Saunders appeals from the denial of his motion to disqualify as well as the sentence imposed by the district court. For the reasons discussed below, we affirm the denial of the motion to disqualify and the sentence.

## FACTS AND PROCEDURAL BACKGROUND

Saunders was arraigned on June 8, 1992, on a charge of lewd conduct with a minor under the age of sixteen, I.C. § 18–1508. The charge arose from events occurring May 12, 1992. Following the arraignment, the defense requested that Saunders be released on his own recognizance. This request was denied. Defense counsel then requested an early trial date owing to Saunders' inability to make bail and the impact that prolonged incarceration would have on his back disability. The trial was set for June 30, 1992.

On June 16, 1992, the State filed a second complaint against the defendant involving the same victim and statute, but based on conduct prior to May 12, 1992. Counsel then filed a motion for a continuance on June 26, based on the need to prepare for the new charges as well as newly discovered evidence. The motion was heard and denied by the district court on June 29, the day before the scheduled trial.

On the day of trial, June 30, 1992, Saunders moved to disqualify the judge for bias and prejudice, citing the judge's comments in court the previous day and subsequently in chambers. After consideration and a specific answer to each allegedly biased statement, the district court denied the motion to disqualify. Saunders was found guilty by a jury at a trial that was limited to the first complaint and the events of May 12, 1992. The district court imposed a twenty-five year unified sentence, with a ten-year period of minimum confinement.

Saunders timely filed this appeal and raises two issues. First, he alleges that by improperly denying his motion to disqualify the judge, he was denied a fair trial. Second, Saunders appeals the sentence as being unduly harsh and excessive.

## I.

■ Saunders couches his appeal of the denial of his motion to disqualify the judge, and his resulting unfair trial, in terms of procedural due process. Under both the Fourteenth Amendment of the Federal Constitution and Article I, Section 13 of the Idaho Constitution, no person shall be deprived of life, liberty or property without due process of law. The state and federal constitutional provisions contain identical language and guarantee essentially the same rights. *State v. Peterson*, 81 Idaho 233, 340 P.2d 444 (1959).

There is no question that prosecution for a crime carrying a maximum sentence of life imprisonment is a potential deprivation of liberty. Thus, some fair procedure is required. The question before us is whether or not the district court afforded Saunders such a procedure when it denied his motion to disqualify the trial judge for bias and prejudice.

■ Whether or not a judge's involvement in a case reaches a point where disqualification from further participation becomes necessary is left to the sound discretion of the judge himself. *Sivak v. State*, 112 Idaho 197, 731 P.2d 192 (1987). I.C.R. 25(b)(4) allows a party to disqualify a judge who is "biased or prejudiced for or against any party or his case in the action." However, a judge can be disqualified only if there is actual prejudice directed against the litigant and it is of such a nature and character as would render it improbable that the presiding judge could or would give the litigant a fair and impartial trial. *State v. Waterman*, 36 Idaho 259, 210 P. 208 (1922); *State v. Greathouse*, 119 Idaho 732, 810 P.2d 266 (Ct.App.1991).

■ Saunders cites the denial of the motion to continue the trial as a basis for his claim of bias and prejudice. The granting or denial of a motion for a continuance is vested in the sound discretion of the trial court and will not be disturbed on appeal

unless there has been a clear abuse of discretion. *State v. Richardson,* 95 Idaho 446, 511 P.2d 263 (1973). The denial of a motion for a continuance will not be an abuse of discretion unless it can be shown that the substantial rights of the defendant have been prejudiced. *State v. Garner,* 122 Idaho 371, 834 P.2d 888 (Ct.App.1992).

■ Here, defense counsel initially requested an earlier trial setting due to Saunders' inability to post bail and his back condition. The trial was set for approximately three weeks after the initial arraignment. Although a subsequent complaint was filed with additional charges, these charges were not in issue at the June 30, 1992, trial. The motion to continue the trial was primarily based on the defense's discovery of purportedly new medical evidence. This evidence suggested the improbability that Saunders would have been physically capable of performing the acts alleged in the *second* complaint. As mentioned above, the trial of June 30, 1992, was limited to the acts and events occurring on May 12, 1992. Saunders openly admitted to having committed those acts. Denying Saunders a continuance to develop evidence that would merely contradict his own admission does not prejudice a substantial right. The evidence in the record appears sufficient for the jury to reach its verdict. If any error could result from the court's denial of a continuance of the trial, it would be harmless error considering the record in this case. As such, the district court did not abuse its discretion in denying the defense's motion for a continuance of the trial and Saunders has shown no bias or prejudice in its denial.

■ Due process requires a fair hearing, not a perfect one. In order to find that there was not a fair trial, Saunders must show that some aspect of the procedure was tainted by the trial judge's personal feelings. We find nothing in the record to support Saunders' contention that his jury trial was unfair. Although the judge's statements indicate personal feelings and opinions about Saunders, we cannot say they rose to a level making it improbable that Saunders would get a fair trial. The

motion to disqualify the judge was, therefore, properly denied.

Because we have concluded that the motion to disqualify the judge was properly denied, it cannot be said that Saunders' procedural due process rights have been violated. Therefore, the order of the district court is affirmed.

**II.**

The second issue raised on Saunders' appeal questions the reasonableness of the twenty-five year indeterminate sentence, with a ten-year period of minimum confinement.

■ An appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978). We first note that, under I.C. § 18–1508, the maximum penalty allowed for lewd conduct with a minor under sixteen is life imprisonment. If a given sentence is within the maximum provided by statute, it will not be disturbed on appeal unless the appellant can show a clear abuse of discretion. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). A sentence may represent such an abuse if it can be shown to be unreasonable upon the facts and circumstances of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). Conversely, a sentence is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982).

■ Under the Unified Sentencing Act, we will treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). Thus, we will treat Saunders' actual term of confinement as ten years. Saunders has the burden of establishing that under any reasonable view of the facts a period of confinement of ten years for his conviction was an abuse

338

of discretion. This Court will not substitute its own view for that of the sentencing judge where reasonable minds might differ. *Toohill, supra.*

On review of a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). The record indicates that Saunders had previously pled guilty to a Nevada charge of lewd conduct with a minor under the age of fourteen. Beyond that, the record reveals no other criminal convictions. Although the presentence investigator recommended that the court retain jurisdiction so that Saunders could complete sex offender treatment and then be subject to a term of probation, a trial judge is free to follow or to reject a presentence investigator's recommendation. The trial judge has an invaluable opportunity to view the defendant and assess his demeanor and attitude. The trial judge also hears the victim and witnesses as they speak, experiencing the full impact of their testimony. These intangible factors are lost to us on appeal. In reviewing the record before us, we can find nothing that indicates that the sentence in this case is unreasonable. Therefore, it cannot be said that the district court abused its discretion.

Accordingly, the judgment of conviction and sentence are affirmed.

WALTERS, C.J., and LANSING, J., concur.