IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39040

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 704 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 7, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DENNIS O. COX, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Franklin County. Hon. Mitchell W. Brown, District Judge.

Orders denying motion to strike presentence investigation report and motion to disqualify judge, <u>affirmed</u>. Unified ten-year sentence with three-year determinate term for felony injury to a child, <u>affirmed</u>.

May, Rammell & Thompson, Chtd., Pocatello, for appellant. Aaron N. Thompson argued.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent. Nicole L. Schafer argued.

LANSING, Judge

Dennis O. Cox pleaded guilty to a felony charge of injury to a child. At the sentencing hearing, the district court struck portions of the presentence investigation report (PSI) that were determined to be speculative. Cox asserts that the district court erred by denying his motion to strike the entire PSI and to order a new one, that the court erred by denying his motion to disqualify the judge, and that his ten-year sentence with a three-year determinate portion is excessive. We affirm.

## I.

## BACKGROUND

Cox was charged with lewd conduct with a minor under sixteen, Idaho Code § 18-1508, and rape, I.C. § 18-6101(4). Pursuant to a plea agreement, he pleaded guilty to an amended

charge of felony injury to a child, I.C. § 18-1501(1), and the charge of rape was dismissed. Cox agreed to undergo a polygraph examination and psychosexual evaluation as part of the presentence investigation. The plea agreement also included the following restraints on the State's sentencing recommendation and the court's sentencing discretion:

> The State agrees to recommend no harsher of a penalty than what is recommended by the Pre-sentence Investigator. For example, if the Pre-sentence Investigator recommends probation, the State cannot argue for retained jurisdiction or prison, as that would be "harsher" for the purpose of this agreement.
> Judge Brown is bound by this agreement to sentence me no harsher, as defined above, then [sic] what is recommended by the Pre-sentence Investigator.

The district court accepted Cox's plea, set the matter for sentencing, and ordered a PSI along with a psychosexual evaluation and polygraph examination per the terms of the plea agreement.

At Cox's sentencing hearing, defense counsel objected to the PSI on the ground that it contained excerpts from harshly critical letters written by two of Cox's ex-wives. The letters contained, among other things, statements that, in the writer's view, Cox was a sexual predator, has a "pious religious nature which helps him deceive those around him," is a "sociopath," and "will continue to molest children." Counsel argued that such statements were inadmissible conjecture and speculation and tainted the presentence investigator's sentencing recommendation. He pointed out that the presentence investigator's recommendation was uniquely important in this case because, by terms of the plea agreement, it would serve as the upper limit on Cox's sentence. Therefore, defense counsel argued, a new and untainted PSI report was required. Defense counsel asked the court to strike the PSI in its entirety and to order a new one. The district court initially granted the motion but subsequently withdrew its ruling and rescheduled the sentencing hearing in order to take testimony from the presentence investigator. At the rescheduled hearing, the presentence investigator testified that she believed the information in the letters was reliable because both ex-wives, each of whom had been married to Cox for significant periods of time, made similar statements; but the investigator also said that she had given the letters little weight in formulating her sentencing recommendation that Cox be incarcerated. The district court ruled that the challenged statements from Cox's ex-wives were unreliable or redundant with other information available in the record and struck the letters (and excerpts) from the PSI. However, the court denied Cox's motion to strike the PSI in its entirety.

2

Cox thereafter moved for the district judge to disqualify himself because he had read the speculative information contained in the letters, but the judge denied the request. Following the presentation of additional evidence and argument, the court imposed a unified ten-year sentence with a three-year determinate term. Cox appeals, positing error in the denial of his motions to strike the entire PSI and to disqualify the district judge, and arguing that his sentence is excessive.

## II.

## ANALYSIS

### A. Motion to Strike Entire PSI

The district court agreed with Cox that the Idaho Criminal Rule 32(e)(1) prohibition against inclusion of conjecture and speculation in a PSI was violated when excerpts from letters written by Cox's ex-wives were included in the PSI and the letters themselves were attached.[1] The issue on appeal concerns only the appropriate remedy for that violation. The district court determined that the appropriate remedy was to strike the specific portions of the PSI that violated Rule 32. Cox acknowledges that a district court may ordinarily strike, or "redline," portions of a PSI to remedy violations of Rule 32, *see State v. Rodriguez*, 132 Idaho 261, 262 n.1, 971 P.2d 327, 328 n.1 (Ct. App. 1998), but asserts that such a remedy was insufficient in his case. A district court's decision on whether to strike all or portions of a PSI is reviewed for an abuse of discretion. *State v. Molen*, 148 Idaho 950, 961, 231 P.3d 1047, 1058 (Ct. App. 2010); *State v. Campbell*, 123 Idaho 922, 925-26, 854 P.2d 265, 268-69 (Ct. App 1993). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court

---

[1] Idaho Criminal Rule 32(e)(1) provides, in part:
> The presentence report may include information of a hearsay nature where the presentence investigator believes that the information is reliable, and the court may consider such information. In the trial judge's discretion, the judge may consider material contained in the presentence report which would have been inadmissible under the rules of evidence applicable at a trial. However, while not all information in a presentence report need be in the form of sworn testimony and be admissible in trial, conjecture and speculation should not be included in the presentence report.

reached its decision by an exercise of reason.  *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Cox relies heavily on *State v. Mauro*, 121 Idaho 178, 824 P.2d 109 (1991), where the Idaho Supreme Court vacated the defendant's sentence and ordered a new PSI on remand because the PSI contained "too much speculation and conjecture, and too little support for why the presentence investigator believed that the hearsay information was reliable."  *Id.* at 183, 824 P.2d at 114.  Cox asserts that a new PSI should have been ordered in his case under the same reasoning.

While we recognize that there may be situations where a PSI is so contaminated with conjecture and speculation that the entire report should be stricken, we agree with the district court's determination that this was not such a situation.  The bulk of the PSI contains information obtained from the investigator's extensive personal interview with Cox, Cox's written responses to a presentence interview questionnaire, the victim's statement, police reports, Cox's psychosexual evaluation, and the results of two polygraph examinations.  Positive letters of support from Cox's mother and fiancé were transcribed verbatim in the PSI.  The presentence investigator also reviewed various public records and scores of letters of support from Cox's family members, colleagues, business associates, and students from the college where Cox was employed.  The letters from Cox's ex-wives constitute only a small portion of the overall report and their unreliable or speculative nature does not permeate the balance of the report.  The PSI did not contain so much conjecture and speculation as to invalidate the report as a whole.

Further, in *Mauro*, the Supreme Court's conclusion that a new PSI and resentencing was necessary arose from the absence of any indication whether the trial court had relied upon the speculative information at sentencing.  *Id.*  In this case, the district court struck the speculative information from the PSI and stated that it would not rely upon it in rendering a sentence.  Therefore, reversal is not required in this case under the *Mauro* precedent.

Cox also asserts, however, that the remedy of striking his ex-wives' statements from the PSI was insufficient because these statements tainted the presentence investigator's sentencing recommendation, and the presentence investigator's recommendation was uniquely important in this case because it served as the upper limit on the district court's sentencing discretion, per the

terms of the binding plea agreement.[2] In other words, Cox asserts that he was prejudiced because, if the PSI had not been tainted, the presentence investigator may have recommended probation instead of incarceration, in which case the district court would have been precluded from imposing a sentence of incarceration.

The premise of Cox's argument--that the presentence investigator's recommendation was tainted by the negative letters submitted by Cox's ex-wives--was directly addressed in the presentence investigator's testimony, and the district court found that the investigator gave "little if any weight" to those statements. The credibility of witnesses, the weight to be given their testimony, and the reasonable inferences to be drawn from the evidence were all matters within the province of the district court. *State v. Jensen*, 137 Idaho 240, 246, 46 P.3d 536, 542 (Ct. App. 2002). This Court will not substitute its view for that of the district court as to such matters. *State v. Flowers*, 131 Idaho 205, 207, 953 P.2d 645, 647 (Ct. App. 1998). Thus, we defer to a trial court's factual findings if supported by substantial and competent evidence in the record. *E.g., State v. Pokorney*, 149 Idaho 459, 462, 235 P.3d 409, 412 (Ct. App. 2010).

While testifying at Cox's sentencing hearing, the presentence investigator testified that, as a general practice, she gives little weight to the statements of an ex-spouse. She stated:

> I don't give [negative statements made by ex-spouses] in general very much weight because they are an ex-spouse for a reason. In general most people don't have excellent relationships with their ex-spouse; otherwise they would still be married. So I take what that person says generally with a grain of salt, unless however, I start getting collaborating [sic] statements that match what one person has said.

The presentence investigator then repeatedly testified that she gave the statements made by Cox's ex-wives very little weight when preparing Cox's PSI. When asked why she included the excerpts from letters in the PSI if she did not rely on them, she explained that she had recently been instructed to summarize statements from family members, ex-spouses, and victims in the

---

[2]     Although presentence investigators are permitted to make limited recommendations concerning sentencing, I.C.R. 32(c), those recommendations normally are not binding upon the court, and cannot replace a district court's consideration of the relevant sentencing factors. *See State v. Toohill*, 103 Idaho 565, 566-67, 650 P.2d 707, 708-09 (Ct. App. 1982). Of course, the defendant and the prosecutor may "agree that *a specific sentence* is the appropriate disposition of the case," I.C.R. 11(f)(1)(C) (emphasis added), and "[i]f the court accepts the plea agreement, the court shall inform the defendant that it will implement the disposition provided for in the plea agreement." I.C.R. 11(f)(3).

PSI, and that she believed it would then be up to the judge to determine how much weight to give those statements. She explained that she ultimately recommended incarceration because of the serious nature of the crime, the severe impact of the crime on the victim, and Cox's failure to take responsibility for his actions--not because of the statements made by Cox's ex-wives. The district court's finding that the presentence investigator gave little or no weight to the speculative statements made by Cox's ex-wives is supported by the record, and thus, we will not disturb the finding on appeal.

To the extent that statements made by Cox's ex-wives included conjecture and speculation, they should not have been included in the PSI. However, the district court did not abuse its discretion by determining that the appropriate remedy for the Rule 32 violations was to strike those portions of the PSI that violated the rule, and to proceed with sentencing using the redacted PSI.

## B. Motion to Disqualify the Judge

At the sentencing hearing, defense counsel asked the district court to "consider recusing itself . . . after having reviewed [the conjecture and speculation in the PSI] on the grounds that it would be impossible for the Court to divorce itself from the information that it has already retained" in deciding upon a sentence. On appeal, both Cox and the State characterize Cox's request as a motion to disqualify the judge for cause. Cox asserts that the district court erred by denying the motion. Idaho Criminal Rule 25(b)(4) provides that a motion to disqualify a judge in a criminal case may be made on the ground that the judge is "biased or prejudiced for or against any party or that party's case in the action." "Any such disqualification for cause shall be made by a motion to disqualify accompanied by an affidavit of the party or that party's attorney stating distinctly the grounds upon which disqualification is based and the facts relied upon in support of the motion." I.C.R. 25(c). In this case, Cox did not comply with the requirements of Idaho Criminal Rule 25 by filing a motion accompanied by an affidavit. *See Mauro*, 121 Idaho at 183, 824 P.2d at 114.

Furthermore, the disposition of a disqualification motion is within the discretion of the trial court. *Sivak v. State*, 112 Idaho 197, 206, 731 P.2d 192, 201 (1986); *State v. Griffith*, 144 Idaho 356, 361, 161 P.3d 675, 680 (Ct. App. 2007); *State v. Saunders*, 124 Idaho 334, 336, 859 P.2d 370, 372 (Ct. App. 1993). A motion for disqualification should be granted only where there is actual prejudice against the litigant of such a nature as to render it improbable that the

presiding judge could or would give the litigant a fair and impartial proceeding. *Griffith*, 144 Idaho at 361, 161 P.3d at 680. *See also State v. Pizzuto*, 119 Idaho 742, 776, 810 P.2d 680, 714 (1991), *overruled on other grounds by State v. Card*, 121 Idaho 425, 432, 825 P.2d 1081, 1088 (1991); *State v. Waterman*, 36 Idaho 259, 264, 210 P. 208, 209 (1922). Cox asserts that the district court was biased because it read prejudicial and "inflammatory" statements included in the PSI before striking them. However, Cox has not demonstrated that the court's knowledge of these statements caused any actual bias or prejudice. The district court struck the material from the PSI and indicated that it would not consider it during the sentencing process. A sentencing judge is presumed to be able to ascertain the relevancy and reliability of the information and material which may be presented to it during the sentencing process and to disregard the irrelevant and unreliable. *State v. Pierce*, 100 Idaho 57, 58, 593 P.2d 392, 393 (1979) (per curiam). *See also Harris v. Rivera*, 454 U.S. 339, 346 (1981) (per curiam) ("In bench trials, judges routinely hear inadmissible evidence that they are presumed to ignore when making decisions."). Therefore, even if the motion had been properly presented, Cox has not shown that the district judge abused his discretion by refusing disqualification.

## C.     Excessive Sentence

Cox asserts that his unified sentence of ten years with three years determinate is excessive. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When

reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Cox points to his good reputation in the community, the recommendation of probation made by the psychosexual evaluator, and his lack of a prior criminal record. The district court recognized that Cox appears to have been successful in life and "has apparently done a lot of good." With respect to Cox's reputation, the district court noted that Cox had an "abnormally large amount of support" as demonstrated by "a ream full of support letters." However, the district court also recognized the seriousness of Cox's criminal actions. The district court found that Cox began grooming the victim, E.S., when she was fourteen years old and he was forty-two. The district court was troubled that the relationship began after E.S. approached Cox, in his role as a lay ecclesiastical leader, for moral advice and counseling, and continued while Cox was purportedly coaching E.S. when she was a client at Cox's gym.

According to E.S., the sexual activity and attention from Cox began when she was fifteen years old. E.S. reported that Cox would frequently press his genitals against her while "spotting" her on various exercises or while "adjusting" her back in his office at the gym and that on one occasion while Cox was assisting her with pull-ups, he lifted her legs around his neck and placed his face in her crotch. E.S. reported that after she turned sixteen, she and Cox started to "kiss and make out," and that she and Cox began communicating almost daily on the phone. The sexual activity continued to escalate after E.S. turned seventeen, when Cox began fondling E.S.'s breasts and vagina and digitally penetrating her.

The district court noted the negative effect that Cox's criminal actions already had on the victim and the effect it would continue to have throughout her life. After considering all the factual information and the applicable sentencing objectives, the court determined that a sentence of probation would depreciate the serious nature of the crime. Applying our standards of review, and having reviewed the record in this case, we cannot say that the sentence imposed constitutes an abuse of discretion.

## III.

## CONCLUSION

The district court acted within its discretion when it struck portions of the PSI, but not the entire PSI, in order to remedy violations of Idaho Criminal Rule 32. The court did not err by denying Cox's motion to disqualify the district judge, or by imposing a unified sentence of ten

years with a three-year determinate term.  Therefore, Cox's judgment of conviction and sentence are affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**