**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49635**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 15, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MELINA PALKEN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. Jay P. Gaskill, District Judge; Hon. David H. Judd, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming the denials of discovery request and motions for a new trial, for reconsideration, and to disqualify judge, affirmed.

Melina Palken, Elk City, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Melina Palken appeals pro se from the district court's order, on intermediate appeal, affirming the magistrate court's denials of her discovery request and her motion for a new trial, motion for reconsideration, and motion to disqualify the judge. We affirm the district court's decision.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In December 2019, Palken received a citation for trespass in violation of Idaho Code § 18-7008. Subsequently, the charge was amended to allege an infraction for trespassing on the Baileys' real property. During trial, the State presented evidence Palken rode a mule onto the Baileys' property despite having received a letter from Mrs. Bailey informing Palken she did not have

1

permission to ride her mule or otherwise be on the property. Largely, Palken's defense to trespass rested on her argument that she rode her mule on a public right-of-way, locally known as the Potlach Forest Industries (PFI) Road, which she asserted crossed the Baileys' property. Witnesses provided conflicting testimony whether the PFI Road extended onto the Baileys' property. Palken presented the testimony of her ex-husband, Mr. Palken, who testified about his own research into the PFI Road and his conclusion that a defect in the chain of title showed the Baileys did not own the PFI Road and could not claim trespass on it. Ultimately, the court rejected Palken's affirmative defense, found her guilty of trespassing on the Baileys' property, and entered a judgment against her in August 2020.

Palken appealed her conviction, and the district court affirmed. Subsequently, Palken filed a motion for new trial with the magistrate court. In support, Palken argued newly discovered evidence exonerates her. Specifically, Palken argued that various records prove that "since 1955, [there was] an easement on and through the property of Bailey [where] the alleged trespass transpired"; a "deed granted the easement" to Mr. Palken; and the easement was confirmed by a quiet title judgment entered in January 2021 after Palken's conviction. In support, Palken attached eleven "exhibits" to her motion, including the January 2021 judgment. After Palken filed a motion for a new trial, she also filed a supplemental discovery request for the State to produce a "complete copy of Bailey's [sic] closing documents for the Bailey property where the alleged trespass occurred." The magistrate court denied Palken's request for post-conviction discovery.

Subsequently, the magistrate court held a hearing on Palken's motion for a new trial. At the hearing, Palken's counsel attempted to present Mr. Palken's testimony to authenticate the documents attached as exhibits to Palken's motion. The court noted that I.C. § 19-2406 required Palken to submit an affidavit identifying any new evidence, ruled Mr. Palken could not testify, and took judicial notice of the January 2021 judgment. The court ruled that the judgment "merely states there is an easement" and that "there is no evidence . . . the easement pertains to the Bailey property." The court concluded Palken only established a "generalized assertion" of an easement, noted she traveled all over the property and not just on the roadway, further noted no evidence supported that she had a legal right to be on the Baileys' property, and denied her motion for a new trial.

Palken filed a motion to disqualify the judge and a motion for reconsideration of her motion for a new trial. In Palken's motion for reconsideration, she sought "to cure any issues or

2

misunderstandings on the hearing and evidence," contending that she requested a short continuance of the hearing on her motion for a new trial to prepare an affidavit for the exhibits and that "it is unclear whether any exhibit was either admitted or rejected." In support of her motion to disqualify the judge, Palken submitted an affidavit rearguing her position; identifying numerous statements the judge made during the hearing, which she asserted were "clearly erroneous"; and arguing generally that the judge's statements showed "bias, lack of impartiality and circular arguments." The magistrate court denied both motions.

Palken filed an intermediate appeal with the district court, which affirmed the magistrate court's orders. Palken timely appeals the district court's decision.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, we review the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.[1]

---

[1] Palken fails to include the standard of review for a decision on intermediate appeal in her appellate briefing to this Court. As a result, a substantial majority of Palken's arguments incorrectly focus on the district court's analysis rather than the magistrate court's analysis. Palken asserts that "there is no reason to repeat" her brief on intermediate appeal, which challenges the magistrate court's analysis, and she purports to "incorporate[] by reference all the points and authorities documented and argued" in her intermediate appellate brief into her brief on appeal to this Court. Palken, however, may not circumvent the page limitation in Idaho Appellate Rule 34(b) or this Court's standard of review simply by referencing her intermediate appellate brief. Pursuant to the applicable standard, our review focuses on the magistrate court's analysis, and we decline to address Palken's arguments challenging the district court's analysis.

3

## III.

## ANALYSIS

A.      **Request for Post-trial Discovery**

Palken asserts the magistrate court erred in denying her post-conviction, supplemental discovery requesting the State to produce a "complete copy of [the] closing documents for the Bailey property." Palken fails to include in the appellate record the hearing transcript at which the court denied her request for supplemental discovery, although the court minutes indicate the court denied the request.[2] Palken had the responsibility to provide sufficient record to substantiate her arguments on appeal. *See State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985) (ruling appellant has responsibility to provide sufficient appellate record). Absent an adequate appellate record, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991).

Regardless, Palken's argument that Idaho Criminal Rule 16 required the State to produce the Baileys' closing documents fails. Idaho Criminal Rule 16(a) provides, in part:

> As soon as practicable after the filing of charges against the accused, the prosecuting attorney must disclose to defendant or defendant's counsel any material or information in the prosecuting attorney's possession or control, or that later comes into the prosecuting attorney's possession or control, that tends to negate the guilt of the accused as to the offense charged or that would tend to reduce the punishment for the offense. The prosecuting attorney's obligations under this paragraph extend to material and information in the possession or control of members of [the] prosecuting attorney's staff and of any others who have participated in the investigation or evaluation of the case who either regularly report, or have reported in that case, to the office of the prosecuting attorney.

Nothing in this rule requires the prosecution to produce information in the victim's possession. Furthermore, Palken cites no authority in support of her proposition that the State must continue to respond to discovery requests post-conviction. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (providing party waives issue on appeal if either authority or argument is lacking). Generally, the discovery rules are intended to provide pretrial disclosures. *See State v. Morin*, 158 Idaho 622, 626, 349 P.3d 1213, 1217 (Ct. App. 2015) (noting discovery rules are drafted to safeguard truth-seeking function of trials, facilitate fair and expedient pretrial fact

---

[2]      Palken quotes the magistrate court's ruling in her opening brief on intermediate appeal and cites to a "CD of hearing held on 8-4-2021." Palken, however, does not include this "CD" in the appellate record. Palken's unsupported quotation of the court's ruling is not adequate for purposes of including that ruling in the appellate record.

gathering, and prevent surprise at trial). Accordingly, the district court did not err in affirming the magistrate court's denial of Palken's post-conviction request for supplemental discovery.

**B. Motion for New Trial**

Palken asserts the magistrate court erred in denying her motion for a new trial based on newly discovered evidence.[3] *See* I.C. § 19-2406 (providing newly discovered evidence may be grounds for new trial). A decision on a motion for a new trial is reviewed under an abuse of discretion standard. *State v. Egersdorf*, 126 Idaho 684, 687, 889 P.2d 118, 121 (Ct. App. 1995). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018). Whether a trial court properly applied a statutory provision to the facts of a particular case is a question of law over which we exercise free review. *State v. Heiner*, 163 Idaho 99, 101, 408 P.3d 97, 99 (Ct. App. 2017). A motion for a new trial based on newly discovered evidence must disclose: (1) the evidence is newly discovered and was unknown to the defendant at the time of the trial; (2) the evidence is material, not merely cumulative or impeaching; (3) the evidence will probably produce an acquittal; and (4) the failure to learn of the evidence was due to no lack of diligence on the part of the defendant. *State v. Drapeau*, 97 Idaho 685, 691, 551 P.2d 972, 978 (1976).

Palken makes numerous arguments challenging the magistrate court's denial of her motion for a new trial, none of which are persuasive. First, Palken argues the court was required under Idaho Criminal Rule 34 to hear Mr. Palken's testimony in support of Palken's motion. Palken, however, misconstrues I.C.R. 34. It provides that "on the defendant's motion, the court may vacate any judgment and grant a new trial on any ground permitted by statute. If the case was tried without a jury, the court may take additional testimony and enter a new judgment." I.C.R. 34(a). Palken apparently reads this provision as requiring the court to hear testimony in support of a motion for a new trial. The rule's plain language, however, contemplates a court hearing testimony

---

[3] Palken attaches to her opening appellate brief numerous documents, which appear to be some of the exhibits (or versions of them) she attached to her motion for a new trial. In addressing an appeal, this Court relies on the appellate record and declines to consider documents attached to Palken's briefing.

only if the court first grants a new court trial. Palken fails to cite any authority indicating the contrary. *See Zichko*, 129 Idaho at 263, 923 P.2d at 970 (ruling party waives appellate issue if authority or argument is lacking). Because the court did not grant Palken a new trial, it was not required to hear Mr. Palken's testimony.

Second, Palken argues the magistrate court never ruled on the admissibility of the documents attached as exhibits to her motion for a new trial. The record is clear, however, that the court declined to consider any of the attached documents, other than the quiet title judgment, because Palken did not properly submit the documents with an authenticating affidavit as I.C. § 19-2406(7) requires. For example, the court stated Palken "has submitted no affidavits regarding newly discovered evidence" and "I find that [Palken] has not presented any affidavits in support of the motion . . . ." Regardless, the court did take judicial notice of and considered the quiet title judgment, stating that "I can, at a minimum take judicial notice of [the judgment]" and that "the newly discovered evidence [Palken] is resting on is a judgment, which this Court can review." It concluded, however, that the judgment "merely states there is an easement" and that "there is no evidence . . . the easement pertains to the Bailey property." Although the court did not expressly rule on the admissibility of all the attached documents, its analysis demonstrates it considered the judgment but not the other documents.

Third, Palken asserts the magistrate court "acknowledged the evidence was 'new.'" Contrary to this assertion, however, the court expressly stated, "this is not new evidence." The court reasoned that the newly discovered evidence "must be unknown at the time of trial," but that "this dispute regarding the easement was already well-pending at the time of trial." Indeed, on intermediate appeal and in her briefing to this Court, Palken acknowledges that the quiet title judgment merely confirmed the quitclaim deed on which she relied during trial to assert a legal right to be on the Baileys' property. For this reason, the magistrate court did not err in concluding the purported new evidence was not new but was cumulative of Palken's "mistaken belief" she had a legal right to be on the Baileys' property, and her arguments to the contrary fail.

Finally, Palken challenges the magistrate court's reliance on two affidavits the State submitted in opposition to her motion for a new trial, arguing "these affidavits were never offered into evidence in open court" "nor did the [court] rule they were admitted." This argument also fails. Palken never moved to strike the affidavits. As a result, she failed to preserve the issue for appeal. *State v. Miramontes*, 170 Idaho 920, 924, 517 P.3d 849, 853 (2022) (requiring either

adverse ruling or party to present issue to trial court for purposes of preservation of appellate issue). Regardless, the record establishes the magistrate court did not rely on the affidavits to resolve Palken's motion for a new trial. Rather, the court ruled Palken failed to make the necessary showing to warrant a new trial. *See Drapeau*, 97 Idaho at 691, 551 P. at 978 (discussing required showing for new trial).

Palken's suggestion that she preserved for appeal her challenge to the State's affidavits under Rule 103 of the Idaho Rules of Evidence is without merit. This rule governs a trial court's ruling on the admissibility or exclusion of evidence during an evidentiary hearing. Contrary to Palken's suggestion, the rule neither applies to the magistrate court's consideration of affidavits in support of a motion for a new trial or otherwise. Further, I.R.E. 103 does not relieve Palken of her obligation to object to the affidavits to preserve her appellate challenge to them. For these reasons, the district court did not err in affirming the magistrate court's denial of Palken's motion for a new trial.

## C.      Motion for Reconsideration

Palken asserts the magistrate court erred in denying her motion for reconsideration of her motion for a new trial. The only authority Palken cites in support of her challenge, however, is I.R.E. 103. As discussed above, I.R.E. 103 governs a trial court's rulings on evidence admitted or excluded during an evidentiary hearing. It has no application to a court's consideration or denial of a motion for a new trial or a motion for reconsideration. Palken has failed to offer any cogent argument or to cite any applicable authority in support of her challenge to the denial of her motion for reconsideration. Accordingly, she has waived the issue. *See Zichko*, 129 Idaho at 263, 923 P.2d at 970 (providing party waives issue on appeal if either authority or argument is lacking).

## D.      Motion to Dismiss Case No. CR25-20-0034

Palken asserts the magistrate court erred in declining to dismiss a misdemeanor trespass charge filed against her in a separate criminal case, Case No. CR25-20-0034, which Palken contends was "based on the same conduct." In her motion for a new trial, Palken requested an order "[d]ismissing Case No. CR25-20-0034, based on Idaho Criminal Rule 48 in the interest of justice." Palken's argument fails because the court lacked subject matter jurisdiction to dismiss the separate criminal case against Palken.

Subject matter jurisdiction is the power to hear and determine cases. *State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004); *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714

7

(2003). "The information, indictment, or complaint alleging an offense was committed within the State of Idaho confers subject matter jurisdiction upon the court." *Rogers*, 140 Idaho at 228, 91 P.3d at 1132; *accord State v. McIntosh*, 160 Idaho 1, 6, 368 P.3d 621, 626 (2016). The State in this case did not allege a misdemeanor trespass charge but rather alleged that charge in Case No. CR25-20-0034. To seek a dismissal of the charge in Case No. CR25-20-0034, Palken was required to file a motion to dismiss in that case. Accordingly, the district court did not err in affirming the magistrate court's denial of Palken's motion to dismiss Case No. CR25-20-0034 in this case.

### E.    Motion to Disqualify

Finally, Palken asserts the district court erred by concluding she failed to preserve her appellate challenge to the magistrate court's denial of her motion to disqualify. We agree Palken preserved the challenge by filing a disqualification motion, which the court denied. *Miramontes*, 170 Idaho at 924, 517 P.3d at 853 (ruling either adverse ruling or presentation of issue to trial court preserves appellate issue). Palken, however, makes no argument on appeal in support of her challenge to the denial of her motion to disqualify. *See Zichko*, 129 Idaho at 263, 923 P.2d at 970 (providing party waives issue on appeal if either authority or argument is lacking). Regardless, Palken's challenge is without merit.

A defendant may disqualify a judge in a criminal case by showing the judge "is biased or prejudiced for or against any party or that party's case in the action." I.C.R. 25(b)(4). We review the denial of a motion to disqualify under I.C.R. 25(b)(4) for an abuse of discretion standard. *State v. Shackelford*, 155 Idaho 454, 457, 314 P.3d 136, 139 (2013); *accord Sivak v. State*, 112 Idaho 197, 206, 731 P.2d 192, 201 (1986); *State v. Saunders*, 124 Idaho 334, 336, 859 P.2d 370, 372 (Ct. App. 1993). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Herrera*, 164 Idaho at 270, 429 P.3d at 158.

The magistrate court did not abuse its discretion in denying Palken's motion to disqualify. In support of that motion, Palken generally argued "the record in this case is replete with statements by the [judge] demonstrating a complete lack of impartiality and bias." Further, Palken argued the judge's inquiries about what new evidence supported her motion for a new trial illustrated his

impartiality and bias. The judge's inquiries and Palken's general argument about them, however, are insufficient to establish the judge was impartial, biased, or prejudiced against Palken or otherwise. The Idaho Supreme Court has noted that "the standard for recusal of a judge, based simply on information that he has learned in the course of judicial proceedings, is extremely high." *Bach v. Bagley*, 148 Idaho 784, 792, 229 P.3d 1146, 1154 (2010). That the judge in this case expressed criticism or skepticism of the allegedly newly discovered evidence during the motion for a new trial does not meet this "extremely high" standard. *See, e.g.*, *id.* Accordingly, the district court did not err by affirming the magistrate court's denial of Palken's motion to disqualify the judge.

## IV.
## CONCLUSION

We affirm the district court's decision affirming the magistrate court's denials of Palken's discovery request and her motions for a new trial, for reconsideration, and to disqualify the magistrate judge.

Judge GRATTON and Judge HUSKEY **CONCUR**.