761 P.2d 1247

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Evalyn F. PALMER,
Defendant–Appellant.**

**No. 17164.**

Court of Appeals of Idaho.

Sept. 7, 1988.

Evalyn F. Palmer, pro se.

Jim Jones, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., for plaintiff-respondent.

PER CURIAM.

This is a traffic infraction case. Evalyn Palmer appeals from a decision of the district court upholding a judgment in the magistrate division for failure to yield the right of way. She raises numerous issues, which we restate as: (1) whether the magistrate's decision was supported by the evidence; (2) whether the magistrate acted improperly in cautioning Palmer against argumentative cross-examination; (3) whether the magistrate erred in denying Palmer's motion for a new trial; and (4) whether the district court abused its discretion in refusing to conduct a trial de novo. For reasons explained below, we affirm the decision of the district court.

The essential facts are not complex. Palmer was driving south on East Seventh

Street in Weiser, Idaho. She proceeded to make a left turn onto another street and, in the process of completing her turn, she was struck in the northbound lane by a vehicle traveling north on East Seventh. Palmer was cited at the scene of the accident by an officer of the Weiser Police Department and was charged with the offense of failure to yield the right of way, a traffic infraction. *See* I.C. §§ 49–642, 49–3406.

Palmer chose to contest the charge. A trial was held before a magistrate. Palmer represented herself *in propria persona.* The magistrate heard testimony from the officer who responded to the accident and from Palmer. The magistrate also viewed the accident scene. He found Palmer guilty of the cited offense, imposing a small fine plus court costs. Palmer appealed to the district court. Several days after filing the notice of appeal, she filed a "Petition for Retrial." The petition was denied. The case then was heard by the district court in its appellate capacity and the judgment was affirmed. This appeal followed.

## I

We first discuss Palmer's challenge to the sufficiency of the evidence. Where, as here, the issue before this Court is the same as the issue presented to the district court sitting in an appellate capacity, this Court reviews the record of the magistrate division independently of the decision of the district court. *State v. Hayes,* 108 Idaho 556, 700 P.2d 959 (Ct.App.1985). Though our review of the evidence is unencumbered by the decision of the district court, it is nonetheless limited. A judgment of conviction will not be set aside where there is substantial evidence upon which any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Cf. State v. Decker,* 108 Idaho 683, 701 P.2d 303 (Ct. App.1985) (discussing review of sufficiency of evidence to support jury verdict). We are precluded from substituting our judgment for that of the fact finder as to the credibility of witnesses, the weight of the testimony, and the reasonable inferences to be drawn from the evidence. *Id.* Furthermore, we view the evidence in the light most favorable to the respondent. *State v. Fenley,* 103 Idaho 199, 646 P.2d 441 (Ct. App.1982).

Palmer contends the evidence at trial was insufficient to prove that she failed to yield to an oncoming vehicle when she turned left because she saw no vehicle approaching. She further contends that the state's case was undercut by the police officer's allegedly perjured testimony. We will address this latter argument first.

■ The record is completely devoid of any evidence that the officer failed to testify truthfully. At most, there are minor discrepancies between Palmer's version of events and the officer's testimony. These discrepancies raise no inference of any deliberately false testimony. This contention was not raised by Palmer until her appearance before the district court on appeal. The district judge dismissed her allegations as unsupported by the record. We agree that this argument is without merit.

■ We also are not persuaded that the evidence was insufficient. Reviewing the evidence under the standards set forth above, the state's evidence shows that Palmer was struck in the northbound lane of traffic by a vehicle proceeding north. Her car was severely damaged, but was not pushed far sideways by the impact, indicating to the magistrate that the other vehicle was not traveling at an excessive rate of speed. Idaho Code § 49–642 provides: "The driver of a vehicle intending to turn to the left within an intersection ... shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection, or so close thereto as to constitute an immediate hazard." Based upon the evidence presented, we hold that a trier of fact reasonably could have inferred that Palmer failed to yield to a oncoming vehicle that was close enough to constitute an apparent, immediate hazard.

## II

■ Palmer next contends that the magistrate acted improperly in cautioning her against argumentative cross-examination.

At the beginning of the trial the magistrate informed Palmer as follows:

> [Y]ou may ask questions in cross-examination.... You can ask leading questions. Just ask for a yes or no answer. *I am going to cut it off if it looks like it is becoming argumentative.* Then at the conclusion of the State's case you may testify, if you wish, or have any witnesses testify that you have brought with you at this time. [Emphasis added.]

Palmer asserts that this warning inhibited her from forcefully arguing her case and deprived her of a fair trial.

A trial court is mandated by I.R.E. 611(a) to exercise reasonable control over the mode and order of interrogating witnesses. Specifically, a court shall "protect witnesses from harrassment or undue embarrassment." I.R.E. 611(a)(3). The trial court has broad discretion in enforcing this rule. *See* IDAHO TRIAL JUDGES MANUAL § 9.11 (rev. ed. 1987). Unless an abuse of discretion is shown, we will not second-guess a trial court's exercise of control.

The magistrate's caution to Palmer reflects a concern harbored by most trial judges: balancing the need of a party to present his side of the events with the need to assure effective presentation of evidence while protecting the witnesses from undue harrassment. The magistrate did not tell Palmer that she was prohibited from aggressively pursuing her defense. He merely advised her that he would step in and exercise appropriate control if the questioning became argumentative. We perceive no impropriety or intimidation in the magistrate's comment. Moreover, upon a review of the entire transcript, we hold that the magistrate exercised restrained and appropriate control over the examination of witnesses throughout the trial. He did not arbitrarily cutoff any questions simply because they implicitly contained a point of view. Rather, he endeavored to preserve the distinction between asking questions and making testimonal statements. We find no abuse of discretion.

### III

■ Palmer next contends that the magistrate abused his discretion in denying a motion for a new trial. The state responds that Palmer has not properly preserved this issue on appeal. With the latter contention we must agree.

A motion for a new trial must timely be presented to the court rendering judgment. I.C.R. 34; I.C. § 19–2406. The record does not reflect any motion for a new trial in the magistrate division. The record does contain a letter from the magistrate informing Palmer that he would not reconsider the case. Upon the record presented, we believe that Palmer has failed to present a cognizable issue on appeal.

### IV

■ Palmer's final challenge is that the district court erred in its decision to handle the appeal on the record rather than as a trial de novo. The decision whether to hear an appeal on the record or to conduct a trial de novo is within the district court's discretion. *See Ustick v. Ustick,* 104 Idaho 215, 657 P.2d 1083 (Ct.App.1983). Shortly after this appeal was filed the Idaho Criminal Rules were amended to provide that all appeals from the magistrate's division shall be heard by the district court as an appellate proceeding unless the district court orders a trial de novo. *See* I.C.R. 54.2 (adopted June 15, 1987, effective November 1, 1987). Initially, Palmer made no request for a trial de novo. After receiving a transcript of the trial, however, Palmer filed a "Petition for Retrial" on the grounds that the transcript was "erroneous, partly untrue and incompetently transcribed." This petition was later withdrawn before the district court conducted a hearing at which it allowed Palmer to correct alleged inaccuracies in the transcript. Finally, the record shows that Palmer had an adequate opportunity to present her case before the magistrate. We conclude that the district court did not abuse its discretion in declining to conduct a trial de novo.

The district court's decision is affirmed.