771 P.2d 541

STATE of Idaho, Plaintiff–Respondent,

v.

William E. SIMMONS, Defendant–Appellant.

No. 17372.

Court of Appeals of Idaho.

March 14, 1989.
Petition for Review Denied May 22, 1989.

William E. Simmons, pro se.

Jim Jones, Atty. Gen., Jack B. Haycock, Deputy Atty. Gen., for plaintiff-respondent.

Before WALTERS, C.J., SWANSTROM, J., and HART, J. Pro Tem.

PER CURIAM.

William Simmons was found guilty by a jury in the magistrate division of operating a vehicle without a valid driver's license, without proof of liability insurance and with an expired vehicle registration. The judgments were affirmed on appeal to the district court. Simmons further appeals, contending that the magistrate had no personal jurisdiction over him, that the magistrate erroneously denied Simmons' right to assistance of counsel and that the verdicts were unsupported by the evidence. We affirm.

■ Because we are reviewing an appellate decision of the district court, we will independently examine the trial record and reach our own determinations of law upon the facts presented. Simmons' jurisdictional argument is three-fold. First, he submits that personal jurisdiction under the common law was not established. We note that Simmons is a resident of this state and that he committed citable traffic offenses in this state. We see no jurisdictional defect in that regard.

■ Second, Simmons insists that personal jurisdiction is lacking where a criminal prosecution is not initiated through indictment by a grand jury. In *Alexander v. Louisiana*, 405 U.S. 625, 633, 92 S.Ct. 1221, 1226–27, 31 L.Ed.2d 536 (1972), the United States Supreme Court held: "Although the Due Process Clause guarantees ... a fair trial, it does not require the States to observe the Fifth Amendment's provision for presentment or indictment by a grand jury." Further, our Supreme Court has held that article 1, section 8 of the Idaho Constitution, providing for presentment or indictment by a grand jury, does not prohibit prosecution of misdemeanor offenses by filing a complaint. *Collins v. Crowley*, 94 Idaho 891, 499 P.2d 1247 (1972).

■ Third, Simmons maintains that the state cannot assert personal jurisdiction over him without a contract or an agreement with him. We have consistently and unequivocally rejected the notion that a state must contract with a citizen either to obtain personal jurisdiction or to subject the citizen to its laws. *See Parsons v. State*, 113 Idaho 421, 745 P.2d 300 (Ct.App. 1987); *State v. Von Schmidt*, 109 Idaho 736, 710 P.2d 646 (Ct.App.1985); *State v. Gibson*, 108 Idaho 202, 697 P.2d 1216 (Ct. App.1985); *Gordon v. State*, 108 Idaho 178, 697 P.2d 1192 (Ct.App.1985); *State v. Reed*, 107 Idaho 162, 686 P.2d 842 (Ct.App.1984). We hold that the magistrate had jurisdiction over Simmons and the prosecuted offenses.

■ Simmons next contends he was denied the right to assistance of counsel when the magistrate prohibited a lay person from assisting Simmons at trial. We see no breach of Simmons' constitutional rights. A defendant in a criminal prosecution in Idaho has no constitutional right to be represented at trial by a person who is not an attorney. *See State v. Brake*, 110 Idaho 300, 715 P.2d 970 (1986); *State v. Fanning*, 114 Idaho 646, 759 P.2d 937 (Ct. App.1988); *State v. Harrold*, 113 Idaho 938, 750 P.2d 959 (Ct.App.1988). In *State v. Ritchie*, 114 Idaho 528, 757 P.2d 1247

(Ct.App.1988), we noted an exception to this rule where a minor may receive assistance in court from a parent or guardian. However, Simmons does not fall within this exception.

Finally, Simmons challenges the sufficiency of the evidence. The evidence presented at trial shows that a Boise police officer stopped Simmons for operating a pickup without displaying a current registration tag. Simmons did not have a valid current registration. The officer also determined that Simmons did not have a valid driver's license. Nor did Simmons produce any evidence of proof of liability insurance either at the time of the stop or at the time of trial.[1] Indeed, Simmons presented no evidence in his behalf at trial, choosing to stand mute. Applying our standard of review as set forth in *State v. Decker*, 108 Idaho 683, 701 P.2d 303 (Ct.App.1985), and *State v. Palmer*, 114 Idaho 895, 761 P.2d 1247 (Ct.App.1988), we hold that the evidence amply supports the verdicts.

The judgments are affirmed.

---

1. Under Idaho motor vehicle laws an operator or owner must display upon his vehicle a current registration tag. I.C. § 49–125 (redesignated as § 49–456). Further, upon request by a police officer, a driver must manually surrender his driver's license, I.C. § 49–319 (redesignated as § 49–316), and provide proof of liability insurance, I.C. § 49–245 (redesignated as § 49–1232).