91 P.3d 1127

STATE of Idaho, Plaintiff–Respondent,

v.

Trever Lee ROGERS, Defendant–Appellant.

No. 30203.

Supreme Court of Idaho, Boise, April 2004 Term.

May 21, 2004.

Molly J. Huskey, State Appellate Public Defender; Sara B. Thomas, Deputy State Appellate Public Defender, Boise, for appellant. Sara B. Thomas argued.

Hon. Lawrence G. Wasden, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent. Karen A. Hudelson argued.

BURDICK, Justice.

Trevor Lee Rogers appeals from a judgment of conviction and sentences for burglary and grand theft. His contention on appeal is that the district court did not have jurisdiction to sentence him due to a six-year delay between the date of conviction and his sentence. This case is on review from the Court of Appeals.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 5, 1994, following a jury trial, Rogers was found guilty of burglary and grand theft. Rogers was released on his own recognizance. On April 25, 1994, the court signed an *ex parte* order presented by the prosecutor revoking the defendant's release and setting bond in the amount of $15,000. Sentencing was scheduled for May 31, 1994. Rogers did not attend because he had been extradited to Texas to answer charges there. The district court noted, apparently incorrectly, that a warrant for Rogers' arrest had been issued; and the court vacated the sentencing hearing until Rogers could be served with the warrant and returned to Idaho.

On December 7, 1995, the district court received a letter from Rogers informing the court he was incarcerated in Texas. He further stated:

I am writing concerning any possible detainers [or] outstanding warrants in or

around Bonner County, Sandpoint, Idaho.... Before I was able to go to court, Dallas, Tx. Came and picked me up on a Blue Warrant. So I was never sentenced! Can you tell me if I have a warrant in Bonner County and if I do, how can we take care of this? Your help and speedy reply on this matter will be greatly appreciated.

On December 19, 1995, a Bailiff/Court Security Officer for the county wrote a letter responding to Rogers' inquiry. The bailiff replied, "I was asked by Judge [ ] to check the computer for outstanding warrants that you may have in Bonner County. As of the above date, my computer does not show any warrants that are outstanding in the county."

On March 5, 1996, the district court received another letter from Rogers. He wrote, "I would like to know if it's possible that the charges against me in your courts be run with the charges I have in Texas. If not, I would like a detainer to be placed against me. That way I can get the legal services in the state to help...." The record does not reflect any response from the district court.

On February 10, 1997, the district court held a status conference. The court and the prosecutor discussed whether there was an outstanding warrant for Rogers, and the court recommended that the state attempt to lodge a detainer. The court also noted that it possessed Rogers' address at a Texas penitentiary and that Rogers had, for some time, been requesting that a detainer be filed against him. The prosecutor did not lodge either a warrant or a detainer.

More than three years later, on March 28, 2000, the district court issued a notice of proposed dismissal, advising the prosecution that absent a showing of good cause, Rogers' case would be dismissed pursuant to Idaho Criminal Rule 48(a)(2), on or after April 18, 2000, due to the fact no action had been taken on the case for a year. There is nothing in the record showing any response from the state, although the case was never dismissed.

On August 28, 2000, six years after the original sentencing date, one year after Rogers' discharge from Texas prison, and after

voluntarily returning to Idaho and living here, Rogers was sentenced in the Idaho case. The district court imposed concurrent three-year sentences with six months determinate for the burglary and grand theft offenses. Rogers filed a Rule 35 motion for reduction of sentences, which was denied after a hearing. The parties agree that loss of jurisdiction was argued before the trial court. Rogers appealed from his judgment of conviction and sentences for burglary and grand theft on September 19, 2000.

Sentencing records maintained by the Idaho Department of Corrections report that Rogers has been in the custody of the Idaho Department of Corrections since August 2000. He was discharged on June 8, 2003.

The appeal was originally decided by the Court of Appeals in an opinion dated July 17, 2003. This Court granted Rogers' petition for review on November 20, 2003.

## ISSUE ON APPEAL

Has Rogers waived his claim of loss of jurisdiction because of an unreasonable sentencing delay?

## STANDARD OF REVIEW

■■■ When considering a case on review from the Court of Appeals, this Court gives serious consideration to the Court of Appeals; however, this Court reviews the decision of the trial court directly. This Court is not merely reviewing the correctness of the Court of Appeals' decision, rather, this Court is hearing the matter as if the case were on direct appeal from the trial judge's decision. *Raudebaugh v. State,* 135 Idaho 602, 603, 21 P.3d 924, 925 (2001) (citations omitted.)

## ANALYSIS

*Mootness*

■■■ Rogers was released from incarceration June 8, 2003. The Court must first decide if the matter is moot. Generally, an issue is moot if it does not present a real and substantial controversy that is capable of being concluded through judicial decree of specific relief. *Idaho Sch. for Equal Educ. Opportunity v. Idaho State Bd. Of Educ.,* 128

Idaho 276, 281–282, 912 P.2d 644, 649 (1996). If the parties lack a legally cognizable interest in the outcome or when the issues presented are no longer live, the issues are moot and preclude review. *Id.* at 281, 912 P.2d at 649. The issue is also moot if a favorable judicial decision would not result in any relief or the party lacks a legally cognizable interest in the outcome. *See Murphy v. Hunt,* 455 U.S. 478, 481–82, 102 S.Ct. 1181, 1183–84, 71 L.Ed.2d 353, 356–57 (1982).

■ There are three recognized exceptions to the application of the mootness doctrine. First, an issue is not moot when there is the possibility of collateral legal consequences imposed on the challenger. *Butler v. State,* 129 Idaho 899, 901, 935 P.2d 162, 164 (1997) (holding a felony conviction has collateral consequences). Second, an exception exists where the challenged conduct is likely to evade judicial review and thus is capable of repetition. *Idaho Sch. for Equal Educ. Opportunity,* 128 Idaho at 283–84, 912 P.2d at 651–52. Third, an exception applies where an otherwise moot issue raises concerns of substantial public interest. *Id.* at 284, 912 P.2d at 652.

■ Generally, after a defendant is released from prison, appeals regarding the excessiveness of a sentence are moot because even a favorable decision could not produce any relief for the defendant. *See St. Pierre v. United States,* 319 U.S. 41, 63 S.Ct. 910, 87 L.Ed. 1199 (1943); *State v. Camp,* 134 Idaho 662, 8 P.3d 657 (Ct.App.2000); *State v. Henderson,* 119 Idaho 579, 580, 808 P.2d 1324 (Ct.App.1991). "After the satisfaction of a judgment in a criminal case there is nothing on which a judgment of the appellate court can act effectively because there is nothing from which to appeal, and further proceedings are moot." *State v. Snyder,* 88 Idaho 479, 482, 401 P.2d 548, 550 (1965). Even though the defendant has been released from custody, the criminal conviction is a collateral consequence sufficient to overcome the mootness issue.

*Personal Jurisdiction vs. Subject Matter Jurisdiction*

■ Rogers argues this Court has never delineated jurisdiction as personal or subject matter in a criminal case before and should not do so now.

■ Generally issues raised for the first time on appeal will not be considered. *State v. Martin,* 119 Idaho 577, 578–79, 808 P.2d 1322, 1323–24 (1991). Since parties cannot waive subject matter jurisdiction, it may be raised at any time, including for the first time on appeal. *Idaho State Ins. Fund By and Through Forney v. Turner,* 130 Idaho 190, 191, 938 P.2d 1228, 1229 (1997). Personal jurisdiction, on the other hand, may be waived and unless raised first with the trial court, this Court will not consider the issue on appeal. *Smalley v. Kaiser,* 130 Idaho 909, 911–12, 950 P.2d 1248, 1250 (1997).

■ Issues about the district court's jurisdiction are issues of law, over which the Court exercises independent review. *Matter of Hanson,* 121 Idaho 507, 509, 826 P.2d 468, 470 (1992).

Personal jurisdiction refers to the court's authority to adjudicate the claim as to the person. That a court has "jurisdiction of a party" means either that a party has appeared generally and submitted to the jurisdiction, has otherwise waived service of process, or that process has properly issued and been served on such party.

"Jurisdiction over the subject matter" has been variously defined as referring to (1) the nature of the cause of action and of the relief sought; (2) the class of cases to which the particular one belongs and the nature of the cause of action and of the relief sought; (3) the power of a court to hear and determine cases of the general class to which the particular one belongs; (4) both the class of cases and the particular subject matter involved; and (5) the competency of the court to hear and decide the case. However, subject matter jurisdiction does not depend on the particular parties in the case or on the manner in which they have stated their claims, nor does it depend on the correctness of any decision made by the court. Also, the location of a transaction or controversy

usually does not determine subject matter jurisdiction. 20 AM. JUR.2d *Courts* § 70 (1995).

In a criminal case, although usually not discussed, the court does acquire both personal and subject matter jurisdiction in order to properly proceed. Without personal jurisdiction, the court has no person to hold accountable, and without subject matter jurisdiction, the court has no alleged crime affecting the State of Idaho to hold the person responsible for.

Idaho Code § 18-202 establishes the court's personal jurisdiction over all individuals who commit a crime in this state. In a criminal case, the court properly acquires personal jurisdiction over the defendant when the defendant appears at the initial court setting on a complaint or arraignment on the indictment. I.C.R. 4, 10. *See State v. Cronin*, 130 Wash.2d 392, 398, 923 P.2d 694, 697 (Wash.1996). Thus, the district court acquired personal jurisdiction over Rogers at the initial arraignment. His physical absence from the State of Idaho did not deprive the State of personal jurisdiction over his person. If so, every person released on his own recognizance who leaves the state could evade personal jurisdiction. Certainly, the district court could not have lost personal jurisdiction over him in a pending Idaho case because he was incarcerated in a different state.

Subject matter jurisdiction has been defined as the power to hear and determine cases. *Boughton v. Price*, 70 Idaho 243, 249, 215 P.2d 286, 289 (1950). Article 5, Section 20 of the Idaho Constitution provides that the district court shall have original jurisdiction in all cases, both at law and in equity. Idaho Code, § 1-705 grants the district court original jurisdiction in all cases and proceedings. "It is a familiar and well-settled principle of law that the indictment must allege that the offense was committed within the jurisdiction of the court." *State v. Slater*, 71 Idaho 335, 338, 231 P.2d 424, 425 (1951). The information, indictment, or complaint alleging an offense was committed within the State of Idaho confers subject matter jurisdiction upon the court. *Slater,*

71 Idaho at 338, 231 P.2d at 425. *Accord, State v. Pyne*, 105 Idaho 427, 428, 670 P.2d 528, 529 (1983); *State v. Mowrey*, 91 Idaho 693, 695, 429 P.2d 425, 427 (1967). Subject matter jurisdiction to try a defendant and impose a sentence is never waived. *Slater,* 71 Idaho at 338, 231 P.2d at 425.

The district court acquired subject matter jurisdiction over Rogers on August 4, 1993, when the State filed the criminal complaint. Rogers does not contest the fact that the district court originally and properly acquired both personal and subject matter jurisdiction. He asserts the court lost subject matter jurisdiction by either indefinitely postponing the sentence, or in the alternative, because of the unreasonable delay between the conviction and the sentence.

Generally, once acquired by the court, jurisdiction continues until extinguished by some event. *McHugh v. McHugh*, 115 Idaho 198, 199, 766 P.2d 133, 134 (1988); *Ward v. Lupinacci*, 111 Idaho 40, 41, 720 P.2d 223, 224 (Ct.App.1986). "Absent a statute or rule extending its jurisdiction, the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal." *State v. Jakoski*, 139 Idaho 352, 79 P.3d 711, 714 (2003).

Rogers asserts the district court lost jurisdiction in this case because the district court indefinitely postponed his sentencing and cites *In re Grove*, 43 Idaho 775, 779, 254 P. 519, 520 (1927) for this proposition. His reliance on *Grove* is misplaced.

Grove pled guilty to grand larceny. Grove had already made restitution, and was of a young age, and the complaining witness felt leniency was appropriate. As a result, the district court withheld judgment without any conditions, released Grove on his own recognizance and exonerated his bond. Grove, unfortunately, was brought before the court for other crimes three years later. He was sentenced for those new crimes plus the burglary for which he had previously been given a withheld judgment. The parole statute in existence at the time would have allowed the court to withhold judgment for a specified

term and impose certain conditions on him, however the district court did neither.

The Court did not decide *Grove* on a jurisdictional issue but instead, a violation of the statute defining "withheld judgment." "The provisions of this statute were not complied with." 43 Idaho at 778, 254 P. at 520. The Court went on to say the district court "entered its final judgment, and after its jurisdiction ceased, erroneously sought to exercise the power of the Board of Pardons." *Id.* In *Grove,* the Court found that after a final judgment (one which violated a statute) the district court then had no jurisdiction to resentence Grove. *See State v. Jakoski, infra.* That is not the case here.

The trial court never willfully postponed sentence. On May 27, 1994, the district court learned that the defendant had been released to the State of Texas and was unavailable for sentencing. The prosecutor advised he would update the court with additional information as it became available. The prosecutor inquired whether the court would issue a warrant and whether it would be an Idaho-only warrant or extend beyond Idaho's boundaries. The court responded:

THE COURT: Well, at this point in time, it seems we'll just continue—we have a warrant outstanding, and I think it has a bond on it of $2000. If you need either further papers or you want to modify that more, I'll let you make whatever application you want.

[PROSECUTOR]: That's fine.

THE COURT: We'll vacate this matter pending Mr. Rogers being in custody or amendable to the process of the Court in this particular matter.

At the time, the district court did not intend to relinquish or to abandon jurisdiction. Although the court erred in believing it had a valid warrant for Rogers' arrest in that no warrant had been issued on April 25, 1994, or at any time thereafter, the court had no intention of relinquishing jurisdiction. The court postponed sentence for a proper purpose—to have Rogers in custody or amenable to the process of the court.

The district court held a status conference at which the prosecutor indicated that the State had "filed a motion back in October of '95 requesting the Court to either issue a bench warrant or schedule it for sentencing." The record does not .contain any such request, nor does the Criminal Individual Case Report indicate any filing by the prosecuting attorney's office in 1995. After an inquiry from the defendant, the district court properly notified him there were no warrants for his arrest as of December 19, 1995. At the time of the status conference, the district court was made aware that there might not have been a warrant issued. The court responded:

THE COURT: I'll have the clerk check and see if there's a warrant outstanding. If not, there will be one. There was one issued on April 25 on $15,000. I guess my concern is the State should take and get that lodged as a detainer and then get Mr. Rogers back here and start processing this thing, if that's what they want to do. At least my notes—we have an address for him in Texas, the penitentiary. He's been after the county for some time to file their detainer. If there is in fact a warrant out as indicated, there's no reason why that hasn't been filed. So, we'll check on that and see if we can find out what the answer is on that issue.

At this hearing, the district court did not intend to relinquish jurisdiction. The district court specifically wanted to retain jurisdiction. The district court wanted the prosecutor to make some effort to get a warrant lodged as a detainer and to start processing the case. The prosecutor did nothing. The district court had no intention to indefinitely postpone the sentencing.

 Pursuant to Rule 48(a)(2) of the Idaho Rules of Criminal Procedure, the district court provided notice to the prosecution that this case would be dismissed on April 18, 2000, for inactivity, unless the state made a showing of good cause for retention. The prosecutor did not establish good cause, but the district court for unexplained reasons did not enter an order of dismissal. Because the district court did not enter an order dismissing the case, it did not actually relinquish jurisdiction, but had only expressed the intent to do so.

Rogers or his attorney could have requested that the district court enter an order of dismissal pursuant to the notice and I.C.R. 48(a)(2). However, he failed to make such a request. Upon his return, Rogers never raised personal jurisdiction as a bar to his sentencing, thus waiving the argument.

## CONCLUSION

The district court acquired jurisdiction, both personal and subject matter, over Rogers. The court took no action which can be construed as intending to relinquish any jurisdiction over him. It entered no final order concerning jurisdiction of the case. Rogers failed to raise the loss of personal jurisdiction to the district court and has thus waived that issue for appeal. The district court retained subject matter jurisdiction, and therefore, the sentence of the district court is affirmed.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and EISMANN concur.