IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40833

| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 762 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 25, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STEPHEN D. L'ABBE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge. Hon. Charles L. Hay, Magistrate.

Order of the district court, on intermediate appeal from the magistrate division, affirming the judgment of conviction for failure to use a safety restraint, <u>affirmed</u>.

Stephen D. L'Abbe, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Stephen D. L'Abbe appeals from the district court's order, entered in its appellate capacity, affirming his judgment of conviction before a magistrate for failure to use a safety restraint. For the reasons set forth below, we affirm.

L'Abbe was cited for failing to use a safety restraint, a violation of I.C. § 49-673(3)(a)(i). Following a bench trial, L'Abbe was found guilty and ordered to pay a $10 fine. L'Abbe appealed to the district court, which affirmed L'Abbe's judgment of conviction. L'Abbe again appeals.

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court examines the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. DeWitt*, 145 Idaho 709, 711, 184 P.2d 215, 217 (Ct. App. 2008). This Court then affirms or reverses the decision of the

1

district court accordingly.  *State v. Van Sickle*, 120 Idaho 99, 101, 813 P.3d 910, 912 (Ct. App. 1991).

L'Abbe primarily argues that the magistrate did not have subject matter or personal jurisdiction to enter judgment in his case.  Whether a court lacks jurisdiction is a question of law, over which this Court exercises free review.  *State v. Jones,* 140 Idaho 755, 757, 101 P.3d 699, 701 (2004).  To properly proceed in a criminal case, a court must acquire both personal and subject matter jurisdiction.  *State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004).  Personal jurisdiction refers to a court's power to bring a person into its adjudicative process, whereas subject matter jurisdiction refers to jurisdiction over the nature of the case and the type of relief sought.  *State v. Ambro*, 142 Idaho 77, 79, 123 P.3d 710, 712 (Ct. App. 2005).  Thus, without personal jurisdiction, the court has no person to hold accountable, and without subject matter jurisdiction, the court has no alleged crime to hold the person accountable for.  *Rogers*, 140 Idaho at 228, 91 P.3d at 1132.

L'Abbe asserts that the magistrate division of the district court lacked subject matter jurisdiction over his case because the magistrate division is not an Article III court under the United States Constitution.  However, this case only involves a state traffic infraction, not a federal offense, so no Article III court or judge is required.  Article V, Section 2 of the Idaho Constitution provides:

> The judicial power of the state shall be vested in a court for the trial of impeachments, a Supreme Court, district courts, and such other courts inferior to the Supreme Court as established by the legislature. . . . The jurisdiction of such inferior courts shall be as prescribed by the legislature.

This provision of the Idaho Constitution was intended to make the legislature the sole authority in determining the jurisdiction of inferior courts.  *Acker v. Mader*, 94 Idaho 94, 96, 481 P.2d 605, 607 (1971).

Under this authority, the legislature enacted I.C. § 1-2201, which provides that, pursuant to the provisions of Article V, Section 2 of the Idaho Constitution, "there is hereby established in each county of the state of Idaho a magistrate division of the district court."  The legislature also assigned to the magistrate division, subject to the rules promulgated by the Idaho Supreme Court, proceedings under the Idaho Traffic Infractions Act.  I.C. § 1-2208; *see also* I.I.R. 4 ("Every magistrate in the state of Idaho is hereby assigned and granted the authority and jurisdiction to hear, process and determine . . . any citable offense alleged to have occurred within the state of

2

Idaho."). L'Abbe was charged with the citable offense of failure to use a safety restraint in Idaho under I.C. § 49-673(3)(a)(i), which is a part of the Idaho Traffic Infractions Act. The magistrate was conferred with subject matter jurisdiction over L'Abbe's particular case when L'Abbe was served with the uniform citation, which acts as a complaint. *See* I.I.R. 3(a) ("The complaint in a citation may be used as the complaint to prosecute an infraction offense."); *Rogers*, 140 Idaho at 228, 91 P.3d at 1132 ("The information, indictment, or complaint alleging an offense was committed within the State of Idaho confers subject matter jurisdiction upon the court."). Thus, the magistrate had subject matter jurisdiction over L'Abbe's case.[1]

L'Abbe also claims that the magistrate lacked personal jurisdiction over him because he made only a special appearance to challenge the magistrate's jurisdiction in this case. We disagree. The magistrate had personal jurisdiction over L'Abbe by virtue of its territorial jurisdiction as set out in I.C. § 18-202, which provides that any person who commits all or an essential part of a crime within this state is liable to punishment under its laws.[2] The Idaho Supreme Court has stated that I.C. § 18-202 "establishes the court's personal jurisdiction over *all* individuals who commit a crime in this state." *Rogers*, 140 Idaho at 228, 91 P.3d at 1132 (emphasis added). A traffic infraction is a violation of law which is criminal in nature. *State v. George*, 127 Idaho 693, 699, 905 P.2d 626, 632 (1995). *See also* IDAHO CONST. art. V, § 1 ("[E]very action prosecuted by the people of the state as a party, against a person charged with a public offense, for the punishment of the same, shall be termed a criminal action."). Additionally, under common law, the magistrate division of the district court may exercise personal jurisdiction over a defendant who is a resident of this state and commits a citable offense--including a traffic infraction--within this state. *State v. Simmons*, 115 Idaho 877, 878, 771 P.2d 541, 542 (Ct. App. 1989). Thus, L'Abbe's objection to jurisdiction and his alleged

---

[1]     Additionally, the Idaho Supreme Court has held that, pursuant to I.C. §§ 18-202 and 19-301, an Idaho court has subject matter jurisdiction over a crime if any essential element of the crime, including the result, occurs in Idaho. *State v. Doyle*, 121 Idaho 911, 914, 828 P.2d 1316, 1319 (1992).

[2]     Idaho Code Section 18-202 provides that the "following persons are liable to punishment under the laws of this state:  (1) All persons who commit, in whole or in part, any crime within this state." *See also* I.C. § 19-301(1) (providing that every person is liable to punishment by the laws of this state for public offenses he or she commits within this state, except for violations of laws exclusive to the United States).

special appearance are of no significance. *See id.* (rejecting the claim that the state must contract with or obtain a defendant's agreement to obtain personal jurisdiction or subject a defendant to its laws). A specific court acquires this personal jurisdiction over a criminal defendant when the defendant makes his or her first appearance in a case. *Rogers*, 140 Idaho at 228, 91 P.3d at 1132. L'Abbe does not dispute that he is a citizen of this state or that he committed a citable traffic infraction within this state. He also does not dispute that he made an appearance in this case at the pretrial conference. Accordingly, the magistrate acquired personal jurisdiction over L'Abbe when he appeared at the pretrial conference for a citable offense committed within this state.

Although L'Abbe acknowledges that the ultimate issue pertains to jurisdiction, he also repeats on appeal numerous nonjurisdictional arguments originally asserted and rejected below.[3] L'Abbe previously used these very same arguments in an attempt to overturn a conviction for an open container violation, which this Court affirmed in an unpublished opinion. *See State v. L'Abbe*, Docket No. 39376 (Ct. App. Sept. 4, 2012). After reviewing the record, we again conclude that L'Abbe's nonjurisdictional arguments are without merit. Moreover, L'Abbe fails to support his arguments with citations to relevant authority. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Although L'Abbe forwarded a plethora of meritless arguments and a long list of case and statutory law from various jurisdictions, the authority he cited is largely inapplicable or irrelevant. As a result, aside from lacking merit, L'Abbe's nonjurisdictional issues are waived.

We conclude that the magistrate had personal and subject matter jurisdiction over L'Abbe and this case. The remainder of L'Abbe's claims are without merit and are waived. Accordingly, we affirm the district court's order affirming, on intermediate appeal, L'Abbe's judgment of conviction for failure to use a safety restraint.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**

---

[3] These include the following assortment of claims: the magistrate lacked jurisdiction because L'Abbe is not a "14th Amendment slave"; the Fourteenth Amendment to the United States Constitution is void *ab initio*; the magistrate and prosecutor were acting in collusion; there is a conflict of interest because magistrates are allegedly benefited by the "revenue" produced from their position--presumably fines and fees; he is entitled to a jury trial for this infraction under the Seventh Amendment; and his Sixth Amendment confrontation rights were violated because "[n]o Mr. Idaho has appeared, nor any Corporate Contract has been evidenced."