# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 43903 & 43904

| | |
|---|---|
| STATE OF IDAHO, | ) 2016 Unpublished Opinion No. 704 |
| | ) |
| Plaintiff-Respondent, | ) Filed: September 27, 2016 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| STEPHEN D. L'ABBE, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, District Judge. Hon. Michael J. Oths, Magistrate.

Orders of the district court, on intermediate appeals from the magistrate division, affirming judgments of conviction for failure to use a safety restraint, <u>affirmed</u>.

Stephen D. L'Abbe, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Chief Judge

Stephen D. L'Abbe received a citation for failure to use a safety restraint on November 5, 2014. L'Abbe also received a citation for failure to use a safety restraint on December 4, 2014. Both citations were adjudicated together. Following a court trial, the magistrate found L'Abbe guilty of both infractions. L'Abbe appealed to the district court, arguing the magistrate lacked jurisdiction. The district court affirmed. L'Abbe again appeals.

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415,

1

224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id.*

On appeal, L'Abbe asserts that the magistrate did not have subject matter or personal jurisdiction to enter judgments in his cases. Whether a court lacks jurisdiction is a question of law, over which this Court exercises free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004). To properly proceed in a criminal case, a court must acquire both personal and subject matter jurisdiction. *State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004). Personal jurisdiction refers to a court's power to bring a person into its adjudicative process whereas subject matter jurisdiction refers to jurisdiction over the nature of the case and the type of relief sought. *State v. Ambro*, 142 Idaho 77, 79, 123 P.3d 710, 712 (Ct. App. 2005). Thus, without personal jurisdiction, the court has no person to hold accountable and without subject matter jurisdiction, the court has no alleged crime to hold the person accountable for. *Rogers*, 140 Idaho at 228, 91 P.3d at 1132.

L'Abbe asserts that the magistrate division of the district court lacked subject matter jurisdiction over his cases because the magistrate division is not an Article III court under the United States Constitution. However, these cases only involved state traffic infractions, not federal offenses, so no Article III court or judge is required. Article V, Section 2 of the Idaho Constitution provides:

> The judicial power of the state shall be vested in a court for the trial of impeachments, a Supreme Court, district courts, and other such courts inferior to the Supreme Court as established by the legislature. . . . The jurisdiction of such inferior courts shall be prescribed by the legislature.

This provision of the Idaho Constitution was intended to make the legislature the sole authority in determining the jurisdiction of inferior courts. *Acker v. Mader*, 94 Idaho 94, 96, 481 P.2d 605, 607 (1971).

Under this authority, the legislature enacted I.C. § 1-2201, which provides that, pursuant to the provisions of Article V, Section 2 of the Idaho Constitution, "there is hereby established in

each county of the state of Idaho a magistrate division of the district court." The legislature also assigned to the magistrate division, subject to the rules promulgated by the Idaho Supreme Court, proceedings under the Idaho Traffic Infractions Act. I.C. § 1-2208; *see also* I.I.R. 4 (providing that every magistrate in the state of Idaho is hereby assigned and granted the authority and jurisdiction to hear, process and determine any citable offense alleged to have occurred within the state of Idaho). L'Abbe was charged with the citable offense of failure to use a safety restraint in Idaho under I.C. § 49-673(3)(a)(i), which is a part of the Idaho Traffic Infractions Act. The magistrate was conferred with subject matter jurisdiction over L'Abbe's particular cases when L'Abbe was served with the uniform citations, which act as a complaint. *See* I.I.R. 3(a) (providing that the complaint in a citation may be used as the complaint to prosecute an infraction offense); *Rogers*, 140 Idaho at 228, 91 P.3d at 1132 (holding that the information, indictment, or complaint alleging an offense was committed within the state of Idaho confers subject matter jurisdiction upon the court). Thus, the magistrate had subject matter jurisdiction over L'Abbe's cases.

L'Abbe also claims that the magistrate lacked personal jurisdiction over him because he made only a special appearance to challenge the magistrate's jurisdiction in this case. Any person who commits all or an essential part of a crime within Idaho is liable to punishment under its laws. I.C. § 18-202. The Idaho Supreme Court has held that I.C. § 18-202 establishes the court's personal jurisdiction over *all* individuals who commit a crime in Idaho. *Rogers*, 140 Idaho at 228, 91 P.3d at 1132. A traffic infraction is a violation of law which is criminal in nature. *State v. George*, 127 Idaho 693, 699, 905 P.2d 626, 632 (1995). *See also* IDAHO CONST. art. V, § 1 (providing that every action prosecuted by the people of the State as a party, against a person charged with a public offense, for the punishment of the same, shall be termed a criminal action). Thus, the magistrate had jurisdiction over L'Abbe by virtue of its territorial jurisdiction as set out in I.C. § 18-202. Additionally, under common law, the magistrate division of the district court may exercise personal jurisdiction over a defendant who is a resident of Idaho and commits a citable offense--including a traffic infraction--within Idaho. *State v. Simmons*, 115 Idaho 877, 878, 771 P.2d 541, 542 (Ct. App. 1989). Accordingly, the magistrate acquired personal jurisdiction over L'Abbe because he is a resident of Idaho and committed an infraction in Idaho.

L'Abbe also argues that he is entitled to a Seventh Amendment jury trial. However, the Seventh Amendment right to a jury trial in civil cases is not applicable to the states. *Minneapolis & St. Louis R.R. Co. v. Bombolis*, 241 U.S. 211, 216-17 (1916). Furthermore, our legislature has denied the right to a jury in infraction cases. I.C. § 49-1502(1).

Although the ultimate issues on appeal pertain to jurisdiction and L'Abbe's perceived right to a jury trial, L'Abbe asserts a number of nonjurisdictional arguments originally asserted and rejected below. L'Abbe previously used these same arguments in an attempt to overturn convictions for speeding, open container, and failing to use a safety restraint. *See State v. L'Abbe*, 156 Idaho 317, 324 P.3d 1016 (Ct. App. 2014); *State v. L'Abbe*, Docket No. 39376 (Ct. App. Sept. 4, 2012); *State v. L'Abbe*, Docket No. 40833 (Ct. App. Nov. 25, 2013). After reviewing the record, we again conclude that L'Abbe's nonjurisdictional arguments are without merit. Moreover, L'Abbe fails to support his arguments with citations to relevant authority. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Although L'Abbe forwarded a plethora of meritless arguments and a long list of case and statutory law from various jurisdictions, the authority he cited is inapplicable or irrelevant. As a result, aside from lacking merit, L'Abbe's nonjurisdictional arguments are waived.

We conclude that the magistrate had personal and subject matter jurisdiction over L'Abbe and these cases and that L'Abbe had no right to a jury trial. The remainder of L'Abbe's claims are without merit and are waived. Accordingly, the district court's orders affirming, on intermediate appeals, L'Abbe's judgments of conviction for failure to use a safety restraint are affirmed.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.