# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44208

| | |
|---|---|
| STATE OF IDAHO, | ) 2017 Unpublished Opinion No. 398 |
| | ) |
| Plaintiff-Respondent, | ) Filed: March 15, 2017 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| REUBEN D. LEHMANN, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Lewis County. Hon. Gregory Fitzmaurice, District Judge. Hon. Stephen L. Calhoun, Magistrate.

Order of the district court, on intermediate appeal from the magistrate, affirming judgment of conviction for driving without privileges, <u>affirmed</u>.

Reuben D. Lehmann, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Reuben D. Lehmann appeals from the district court's order, on intermediate appeal from the magistrate, affirming Lehmann's judgment of conviction for driving without privileges. For the reasons set forth below, we affirm.

Lehmann was stopped for speeding in Lewis County. The officer learned that Lehmann's driving privileges had been suspended by the state of Oregon. Lehmann was then cited for misdemeanor driving without privileges. I.C. § 18-8001. He was found guilty following a jury trial. Lehmann appealed to the district court, arguing the magistrate lacked jurisdiction. The district court affirmed Lehmann's judgment of conviction. Lehmann again appeals.

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho

1

Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id*.

On appeal, Lehmann asserts that the magistrate did not have subject matter or personal jurisdiction over Lehmann's case. Whether a court lacks jurisdiction is a question of law, over which this Court exercises free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004). To properly proceed in a criminal case, a court must acquire both personal and subject matter jurisdiction. *State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004). Personal jurisdiction refers to a court's power to bring a person into its adjudicative process whereas subject matter jurisdiction refers to jurisdiction over the nature of the case and the type of relief sought. *State v. Ambro*, 142 Idaho 77, 79, 123 P.3d 710, 712 (Ct. App. 2005). Thus, without personal jurisdiction, the court has no person to hold accountable and, without subject matter jurisdiction, has no alleged crime to hold the person accountable for. *Rogers*, 140 Idaho at 228, 91 P.3d at 1132.

Article V, Section 2 of the Idaho Constitution provides:

The judicial power of the state shall be vested in a court for the trial of impeachments, a Supreme Court, district courts, and other such courts inferior to the Supreme Court as established by the legislature. . . . The jurisdiction of such inferior courts shall be prescribed by the legislature.

This provision of the Idaho Constitution was intended to make the legislature the sole authority in determining the jurisdiction of inferior courts. *Acker v. Mader*, 94 Idaho 94, 96, 481 P.2d 605, 607 (1971). Under this authority, the legislature enacted I.C. § 1-2201, which provides that, pursuant to the provisions of Article V, Section 2 of the Idaho Constitution, "there is hereby established in each county of the state of Idaho a magistrate division of the district court." The legislature also assigned to the magistrate division, subject to the rules promulgated by the Idaho

Supreme Court, misdemeanor and quasi-criminal actions. I.C. § 1-2208(3). Lehmann was charged with the citable offense of driving without privileges in Idaho under I.C. § 18-8001. The magistrate was conferred with subject matter jurisdiction over Lehmann's case when he was served with the uniform citation, which acts as a complaint. *See* I.M.C.R. 3 (providing that the complaint in a citation may be used as the complaint to prosecute a misdemeanor offense); *Rogers*, 140 Idaho at 228, 91 P.3d at 1132 (holding that the information, indictment, or complaint alleging an offense was committed within the state of Idaho confers subject matter jurisdiction upon the court). Thus, the magistrate had subject matter jurisdiction over Lehmann's case.

Lehmann also claims that the magistrate lacked personal jurisdiction over Lehmann because he made only a special appearance to challenge the magistrate's jurisdiction in this case. Any person who commits all or an essential part of a crime within Idaho is liable to punishment under its laws. I.C. § 18-202. The Idaho Supreme Court has held that I.C. § 18-202 establishes the court's personal jurisdiction over *all* individuals who commit a crime in Idaho. *Rogers*, 140 Idaho at 228, 91 P.3d at 1132. Driving without privileges is a violation of law which is criminal in nature. *State v. George*, 127 Idaho 693, 699, 905 P.2d 626, 632 (1995). *See also* IDAHO CONST. art. V, § 1 (providing that every action prosecuted by the people of the State as a party, against a person charged with a public offense, for the punishment of the same shall be termed a criminal action). Thus, the magistrate had jurisdiction over Lehmann by virtue of territorial jurisdiction as set out in I.C. § 18-202. Additionally, under common law, the magistrate division of the district court may exercise personal jurisdiction over a defendant who is a resident of Idaho and commits a citable offense within Idaho. *State v. Simmons*, 115 Idaho 877, 878, 771 P.2d 541, 542 (Ct. App. 1989). Accordingly, the magistrate acquired personal jurisdiction over Lehmann because he is a resident of Idaho and committed a misdemeanor in Idaho.

Although the ultimate issue on appeal pertains to jurisdiction, Lehmann asserts a number of nonjurisdictional arguments originally asserted and rejected below. After reviewing the record, we conclude that Lehmann's nonjurisdictional arguments are without merit. Moreover, Lehmann fails to support his arguments with citations to relevant authority. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Although Lehmann forwarded a plethora of meritless arguments and

3

a long list of case and statutory law from various jurisdictions, the authority he cited is inapplicable or irrelevant. As a result, aside from lacking merit, Lehmann's nonjurisdictional arguments are waived.

We conclude that the magistrate had personal and subject matter jurisdiction over Lehmann and his case. The remainder of Lehmann's claims are without merit and are waived. Accordingly, the district court's order affirming, on intermediate appeal, Lehmann's judgment of conviction for driving without privileges is affirmed.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.