**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48970**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: September 13, 2022** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| AARON JOHN McCORMICK, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Order denying motion to withdraw guilty pleas, <u>affirmed</u>; order revoking probation, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Emily M. Joyce, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Chief Judge

Aaron John McCormick appeals from the district court's order denying his motion to withdraw his guilty pleas and from an order revoking his probation. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In April 2019, the district court entered judgments of conviction following McCormick's *Alford*[1] pleas to burglary and misdemeanor assault or battery on certain personnel.[2] The district

_____

[1]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

[2]    Although the district court pronounced both sentences during a single sentencing hearing, separate written judgments of conviction were entered for the two offenses. A form "judgement" with blanks completed with handwritten notations was entered the same day as the sentencing hearing for the assault and battery on certain personnel charge and a typed judgment of conviction for the burglary charge was entered three days later.

1

court sentenced McCormick to a unified term of four years, with a minimum period of confinement of two years, for the burglary and 110 days in jail for the assault or battery on certain personnel. The district court suspended the sentence for the burglary and placed McCormick on probation for three years. Before McCormick was to report to the jail to serve the misdemeanor sentence, he was arrested on an agent's warrant for violating his probation. The State filed a probation violation motion and, after McCormick subsequently admitted violating various terms of his probation, the district court revoked his probation, imposed the underlying sentence, and retained jurisdiction. At the conclusion of the period of retained jurisdiction, the district court placed McCormick back on probation for a period of two years.

In May 2021, the State again filed a probation violation motion. McCormick responded by moving to withdraw his guilty pleas and his admissions to the first probation violation motion. After a hearing, the district court denied McCormick's motions, concluding his guilty pleas were knowing, voluntary, and intelligent. Subsequently, McCormick admitted violating his probation. The district court then revoked and reinstated McCormick's probation.[3] McCormick appeals.

## II.

## ANALYSIS

### A. Motion to Withdraw Guilty Pleas

McCormick asserts that, although he is "mindful" that a trial court "loses jurisdiction to permit the withdrawal of a guilty plea once the judgment of conviction becomes final," the district court abused its discretion by denying his motion to withdraw his guilty pleas. The State agrees, as do we, that the district court lacked jurisdiction to consider McCormick's motion to withdraw his guilty pleas.

Although the district court did not address whether it had subject matter jurisdiction to consider McCormick's motion to withdraw his guilty pleas, we may address the issue for the first time on appeal. *See State v. Rogers*, 140 Idaho 223, 227, 91 P.3d 1127, 1131 (2004) (explaining that subject matter jurisdiction may be raised at any time, including for the first time on appeal).

---

[3]     The district court's decisions to revoke and reinstate McCormick's probation are not at issue in this appeal.

2

Whether a court has subject matter jurisdiction is a question of law over which the appellate court exercises free review. *State v. Gorringe*, 168 Idaho 175, 178, 481 P.3d 723, 726 (2021).

A trial court's jurisdiction to grant a motion to withdraw a guilty plea under I.C.R. 33(c) expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal. *See State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003). Because McCormick did not appeal from his judgment of conviction, it became final forty-two days after judgment was entered in April 2019. *See* I.A.R. 14(a). McCormick did not seek withdrawal of his guilty pleas until June 2021, which was well beyond the date his judgments became final. Thus, as McCormick acknowledges, the district court lacked jurisdiction to consider his motion to withdraw his guilty pleas.

B.     **Motion to Withdraw Admissions**

McCormick further asserts that, although he is "mindful" that "I.C.R. 33(c) does not allow a probationer to withdraw a probation violation admission," the district court abused its discretion by denying his motion to withdraw his admissions in the first probation violation proceeding. McCormick does not contend that his probation violation admissions were not knowing, voluntary, and intelligent. Rather, without citation to legal authority authorizing such, McCormick contends he should have been allowed to withdraw his probation violation admissions because "he should be permitted to withdraw his guilty plea, and therefore there would be no basis for any subsequent probation violations as he should never have been placed on probation from the outset." Because the district court lacked jurisdiction to allow McCormick to withdraw his guilty pleas, his argument that the district court erred by denying his motion to withdraw his subsequent admissions at the first probation violation proceeding also fails.

### III.

### CONCLUSION

The district court lacked jurisdiction to consider McCormick's motion to withdraw his guilty pleas. McCormick also failed to show error in the denial of his motion to withdraw his admissions in his first probation violation proceeding. Accordingly, the district court's orders denying McCormick's motion to withdraw his guilty pleas and motion to withdraw his probation violation admissions are affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.

3