**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51711**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: July 10, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JONDAVIS RICHARD MARTENS, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Judgment of conviction and unified sentence of fifteen years, with a minimum period of confinement of four years, for enticement of a child through the use of the internet or other communication device, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Jondavis Richard Martens appeals from his judgment of conviction and sentence for enticement of a child through the use of the internet or other communication device. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Martens initiated contact using social media with someone he believed to be a fourteen-year-old girl. Martens sent numerous sexually explicit photos to the individual and made arrangements to meet and engage in sexual activity. In reality, the individual Martens was contacting was an undercover law enforcement agent. When Martens arrived at the arranged

1

meeting location, he was arrested and charged with enticement of a child through the use of the internet or other communication device. I.C. § 18-1509A.

Pursuant to a plea agreement, Martens pled guilty to enticement of a child through the use of the internet or other communication device, and the State agreed to recommend a unified term of fifteen years, with a minimum period of confinement of three years. The district court imposed a unified sentence of fifteen years, with a minimum period of confinement of four years. Additionally, the district court ordered that Martens follow numerous recommendations made by a mental health evaluator and a psychosexual evaluator. The district court subsequently entered an amended judgment of conviction removing the treatment-based conditions of Martens' sentence. Martens appeals.

## II.

## STANDARD OF REVIEW

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000).

## III.

## ANALYSIS

Martens argues that the district court abused its sentencing discretion for two reasons. First, Martens argues that the district court erred by requiring Martens to follow the recommendations made in the mental health and psychosexual evaluations he received prior to sentencing. Second, Martens argues that the district court did not adequately consider mitigating factors when it imposed sentence. We hold that Martens has failed to show that the district court abused its sentencing discretion.

We first address Martens' argument that the district court abused its discretion by ordering him to comply with numerous recommendations in the mental health and psychosexual evaluations. Martens asserts that imposing these as a condition of his sentence violates I.C. § 19-2513(1), which sets forth the options for imposition of sentence. Martens acknowledges the district court could impose these conditions if it had suspended the sentence and placed him on probation; however, he argues that the district court ceded its authority to impose such requirements when it executed his sentence instead of retaining jurisdiction. The State responds that the issue is moot in light of the district court's amended judgment of conviction removing the

2

treatment-based conditions of the sentence.[1]  We agree.  If the parties lack a legally cognizable interest in the outcome or when the issues presented are no longer live, the issue is moot and precludes review.  *State v. Rogers*, 140 Idaho 223, 227, 91 P.3d 1127, 1131 (2004).  Because Martens has received the relief he requests, a favorable decision by this Court would not result in additional relief.  Therefore, the issue is moot and need not be considered by the Court.

We next address Martens' argument that the district court did not adequately consider the mitigating factors, including his mental illness, desire to treat his substance abuse, family support, and remorse.  The State responds that Martens has failed to show the district court abused its discretion in imposing a unified fifteen-year sentence with four years fixed.

A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest.  *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).  As noted, it is within the district court's discretion to weigh the evidence presented.  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 4890 P.3d 150, 154, (Ct. App. 2020).  Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in imposing a unified s sentence of fifteen years, with a minimum period of confinement of four years, upon Martens' guilty plea to enticement of a child through the use of the internet or other communication device.

---

[1]     Martens did not file a reply brief in response to the State's mootness argument.

## IV.

## CONCLUSION

Martens' challenge to the district court's inclusion of treatment conditions is moot in light of the amended judgment. Martens has failed to show the district court abused its discretion in sentencing him to a unified term of fifteen years, with a minimum period of confinement of four years, for enticement of a child through the use of the internet or other communication device. Martens' judgment of conviction and sentence are affirmed.

Judge HUSKEY and Judge TRIBE, **CONCUR**.